IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JEFFREY ROY CROSBY,** :
:
    **Petitioner** : CIVIL NO. 1:CV-09-00750
:
  v. : (Judge Rambo)
:
**WARDEN, USP CANAAN,** :
:
    **Respondent** :

## **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Jeffrey Roy Crosby ("Crosby"), an inmate currently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania. (Doc. 1.) Crosby is challenging his conviction by raising actual innocence and miscarriage of justice claims. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

## **I.**  **Background**

On July 26, 1996, Crosby was convicted on two counts of solicitation to murder a federal probation officer in violation of 18 U.S.C. §§ 373 and 1114 in the United States District Court for the District of South Carolina. (Doc. 6 at 2.) On August 29, 1996, Crosby was sentenced on both counts to a term of imprisonment of 365 months. (Doc. 1 at 18.) On August 30, 1996, Crosby filed a direct appeal. (*Id.*)

The United States Court of Appeals for the Fourth Circuit denied relief on all grounds and affirmed his conviction and sentence on April 2, 1998. *United States v. Crosby*, No. 96-4688, 1998 WL 165788 (4th Cir. 1998 Apr. 12, 1998). On November 9, 1998, the United States Supreme Court denied certiorari. (Doc. 1 at 19.)

On June 9, 1999, in the District Court for the District of South Carolina, Crosby filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, which was subsequently denied. (*Id.*) On March 13, 2001, the Fourth Circuit Court of Appeals denied Crosby's application for a certificate of appealability. (*Id.*)

On February 20, 2004, Crosby filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2243 in the United States District Court for the Middle District of Florida, raising actual innocence and miscarriage of justice claims, the same claims raised in the instant proceeding. (Doc. 6-2.) The petition was construed as a § 2255 motion and transferred to the District of South Carolina. (*Id.*) The South Carolina district court subsequently dismissed the petition as a second or successive § 2255 motion. (*Id.*)

On January 25, 2006, Crosby filed, in the District Court for the District of South Carolina, an independent action to reopen and reconsider the § 2255 motion, alleging fraud by an officer of the court. (Doc. 1 at 19.) The motion was opposed by

the government and subsequently dismissed as a second or successive § 2255 motion by the district court. (*Id*.) The Fourth Circuit Court of Appeals denied a certificate of appealability. (*Id*.)

In November 2007, Crosby filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of New York. (*Id*. at 20.) The district court denied the petition on December 15, 2008, and Crosby's appeal is presently pending. (*Id*.)

Crosby filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 21, 2009. (Doc. 1.) On April 28, 2009, an order to show cause was issued, directing the respondent to reply to Crosby's petition. (Doc. 5.) The matter is now ripe for disposition.

## II.  **Discussion**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). *See also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden,*

3

*F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (stating challenges to a federal sentence should be brought in a § 2255 motion). The § 2255 motion must be filed in the district court where the defendant was convicted and sentenced. *See* 28 U.S.C. § 2255(a) (the motion must be filed in "the court which imposed the sentence").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the

4

stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Crosby has not demonstrated that the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention. First, the dismissals of his previous § 2255 motions do not make the § 2255 remedy inadequate or ineffective. Further, the fact that Crosby's present circumstances preclude him from invoking the remedy available to him under § 2255 does not demonstrate the inadequacy or inefficacy of the remedy itself. *See Cradle*, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."). As noted above, that a § 2255 motion may be time-barred is not a valid reason for pursuing relief under section 2241. *Id*. at 539.

Further, Crosby's claim does not fall within the narrow exception outlined in *Dorsainvil*, in which § 2241 relief would be available. In *Dorsainvil*, the Third Circuit Court of Appeals held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. *Dorsainvil*, 119 F.3d at 251. In

5

his petition, Crosby argues habeas relief is available to him under § 2241 because the constitutional violations committed by the prosecution in connection with his 1996 conviction resulted in the conviction of an actually innocent person. Specifically, Crosby claims that his conviction was obtained in part through suppression of information material to the defense in violation of the Fifth Amendment. Further, he claims that his conviction was obtained in violation of the double jeopardy clause of the Fifth Amendment. Petitioner appears to be seeking an evidentiary hearing to allow witnesses to testify as to his actual innocence and to present expert testimony to address the alleged alterations of audio tapes the government used against him at trial. Unlike the petitioner in *Dorsainvil,* Crosby has not asserted that there was some intervening change in the law after he filed his first § 2255 motion such that he was unable to raise his actual innocence claim in that motion. In fact, he has raised these or substantially similar claims in 2004 and 2006 in his habeas petitions before the District Court for the District of South Carolina and the District Court for the Northern District of New York respectively. Petitioner has not demonstrated that § 2255 was inadequate or ineffective to allow him to raise the claims that he seeks to raise in the instant § 2241 petition. Simply because Petitioner does not agree with the

result of his § 2255 proceedings does not mean that those proceedings were "inadequate or ineffective" as those terms are used in §2255.

**III. Conclusion**

Based on the foregoing discussion, Crosby's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: June 9, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JEFFREY ROY CROSBY,** :
:
    Petitioner : CIVIL NO. 1:CV-09-00750
:
v. : **(Judge Rambo)**
:
**WARDEN, USP CANAAN,** :
:
    Respondent :

# O R D E R

**AND NOW**, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

2) The Clerk of Court is directed to **CLOSE** this case.

                                      s/Sylvia H. Rambo
                                      United States District Judge

Dated: June 9, 2009.